IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Docket No.:  0090  1:23CR00246-001

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )     **DEFENDANT'S** |
| | )    **SENTENCING MEMORANDUM** |
| JOSHUA HALL, | ) |
| | ) |
| Defendant. | ) |

Defendant, Joshua Hall, (the "Defendant" or "Mr. Hall"), by and through undersigned counsel, respectfully submits this Sentencing Memorandum pursuant to 18 U.S.C. § 3661, to highlight aspects of Mr. Hall's case and provide additional information for the Court's consideration. This Memorandum references the various factors found in the Federal Sentencing Guidelines Manual and 18 U.S.C. § 3553(a), relevant in fashioning a sentence for the Defendant that is, "sufficient, but not greater than necessary" to satisfy the purposes of 18 U.S.C. § 3553(a)(2). Simply stated, the sentence ultimately imposed by the Court should be the least restrictive necessary to comply with Congressional intent. Id.

**FRAMING AN APPROPRIATE SENTENCE**

Since the Court in Booker held that the Sentencing Guidelines are merely advisory, "sentencing courts have discretion to sentence defendants within the statutory range, regardless of whether the

1

sentence falls within the Guidelines range or without." <u>United States v. Booker</u>, 543 U.S. 220 (2005); <u>see also</u> <u>U.S. v. Dorcely,</u> 454 F.3d 366 (D.C. 2007). Consideration of the Guidelines, which is but one of the seven factors listed in 18 U.S.C. § 3553(a), is only "the starting point and the initial benchmark." <u>Gall v. U.S.</u>, 552 U.S. 38, 49 (2007). The court "must calculate and consider the applicable Guidelines range, but is not bound by it." <u>Dorcely</u>, 454 F.3d at 381 (internal quotation marks and citation omitted).

**ARGUMENT**

<u>The Defendant Should be Sentenced to a Term of Probation</u>

Undersigned counsel, for the reasons set forth herein, including Mr. Hall's acceptance of responsibility, history of overcoming substance abuse, his current employment, and familial support, respectfully asks the Court to sentence Mr. Hall to a term of probation, which is a sentence within the Sentencing Guideline range recommended by the parties' plea agreement and as calculated by the United States Probation Office. <u>See</u> Presentence Investigation Report ("PSR") ¶¶ 106-109. A probationary sentence for Mr. Hall is also a sentence that is sufficient, but not greater than necessary to accomplish the purposes of sentencing as set forth in 18 U.S.C. § 3553(a)(2).

Mr. Hall has been determined to be a Total Offense Level 4 and Criminal History Category I, with a corresponding calculated Guideline range of 0-6 months imprisonment. <u>See</u> PSR ¶ 107. The November 1, 2023 Amendments to the United States Sentencing Guidelines provide

2

additional support to Mr. Hall's request for a probationary sentence. Because Mr. Hall has no scorable criminal history, it appears he would qualify for the new two-level adjustment for certain Zero-Point Offenders in U.S.S.G. § 4C1.1. More importantly, Application Note 10 to the newly amended § 5C1.1 guideline states that, for offenders like Mr. Hall, who both qualify for the reduction under § 4C1.1 for zero-point offenders and have a guideline range in Zone A or B of the sentencing table, "a sentence other than a sentence of imprisonment…is generally appropriate."

Mr. Hall acknowledges that his offense behavior in this case is concerning. He is deeply remorseful for his participation in the events that occurred at the Capitol on January 6th, 2021. As he disclosed during the PSR interview, Mr. Hall felt frustrated by COVID-19 protocols and the social unrest he observed during 2020. This frustration, in combination with his desire to see President Trump's speech, led him to travel to Washington D.C. on January 6th, 2021. His decision to enter the Capitol that day was a terrible one, likely driven by a variety of factors. But his behavior since making that terrible decision demonstrates his remorse and desire to prove to the United States that he will once again be a law abiding citizen.

Mr. Hall admitted that he participated in the Capitol Riot during his first interview with law enforcement on February 16, 2021. He pleaded guilty to a one-count Criminal Information on August 1, 2023, within two months of his June 8, 2023 initial appearance on the Criminal Complaint filed against him. He has complied with all the

3

conditions placed on him as part of his pretrial supervision. PSR ¶10. The criminal conviction that resulted from his decision to enter the Capitol has caused Mr. Hall significant stress because he knows it jeopardized his hard work in establishing a career for himself. Mr. Hall has been deterred from engaging in this kind of criminal conduct already, as evidenced by his conduct since his first contact with law enforcement in February of 2021. A sentence of imprisonment would not further deter Mr. Hall; it would cause significant disruption to the life he has worked hard to build.

Mr. Hall's educational history and employment record show his efforts to become a professional truck driver. In 2020, he earned his commercial driver's license. PSR ¶ 86. Mr. Hall then worked in a series of jobs in the trucking industry, culminating in his current full time job with Landair Transport, making $1,150 per week. PSR ¶¶ 90-93. Any period of incarceration as part of the Court's judgment in this case would jeopardize Mr. Hall's employment. Mr. Hall's employment history is impressive in light of the personal struggles he overcame to achieve it.

Mr. Hall struggled with substance abuse and mental health issues throughout his childhood and early adulthood. As the PSR reflects, Mr. Hall was diagnosed with mental health conditions in his youth, and continues to see a psychiatrist and take medications to treat those conditions. PSR ¶¶ 64-66.

Mr. Hall's history of substance abuse as documented in the PSR is a point that could cause concern for the Court. Mr. Hall, unlike many

who struggle with addiction, made a decision to address his addictions at 24 years old, and was successful in that difficult endeavor. The process that he went through in overcoming his addictions and moving on to a career as a truck driver can reassure the Court that Mr. Hall is the kind of person that will be successful on a period of probation.

Mr. Hall disclosed his struggles with addiction to heroin, opiate pills, cocaine and crack cocaine during his PSR interview. Those struggles are confirmed by Mr. Hall's criminal record, in particular the convictions for heroin related offenses in 2008. PSR ¶¶ 36-38. To his credit, Mr. Hall sought out and obtained substance abuse treatment to overcome his addictions. See PSR ¶¶ 79-82. Mr. Hall's girlfriend, Suehelly Velez, confirmed Mr. Hall's past substance abuse when interviewed by the Probation Office, but also stated that Mr. Hall has been "able to maintain his sobriety for years and has gotten his life back on track." PSR ¶ 49. Mr. Hall acknowledges the dark time in his past caused by his addiction to drugs. He asks that the Court view his history and characteristics since he decided to get treatment as a positive factor that weighs in favor of a probationary sentence.

Mr. Hall has the support of Ms. Velez and his family. He is in a long-term relationship with Ms. Velez of eight years. Mr. Hall has regular contact with his mother, his step-father, and his siblings. Such a support system, and particularly the support of Ms. Velez, bodes well for Mr. Hall's ability to not only comply with this Court's

judgment, but to return to the positive path he has been on since the age of 25.

**CONCLUSION**

For the reasons outlined herein, including Mr. Hall's acceptance of responsibility, his history of overcoming mental health and substance abuse conditions, his positive employment record, and the ongoing support he receives from his family[1], undersigned counsel respectfully requests that the Court impose a sentence of probation in this case.

WHEREFORE, based on the preceding arguments as supported herein by both facts and authorities, and based on the PSR's factual information, and in consideration with the factors set out in 18 U.S.C. § 3553(a), Mr. Hall respectfully requests that the Court:

1. Impose a probationary sentence on Mr. Hall;
2. If the Court deems any period of confinement is appropriate, that Mr. Hall be allowed to serve that term as a term of home detention or intermittent confinement;
3. Impose a special assessment in the amount of $25 and restitution of $500 to the Architect of the Capitol;
4. If the Court determines a fine is appropriate, impose a fine at the low end of the applicable fine range; and
5. Grant Mr. Hall such other and further relief as it may deem just, proper, and reasonable.

---

[1] Two Character Letters are attached as Defendant's Exhibit 1 and Defendant's Exhibit 2. Defendant's Exhibit 1 is a Character Letter submitted by Defendant's mother, Dana Fields. Defendant's Exhibit 2 is a Character Letter submitted by Defendant's long-time family friend, Jessica Reyes.

Respectfully submitted, this 3rd day of November, 2023.

DYSART WILLIS

By: <u>/s/ Christian E. Dysart</u>           <u>/s/ Geoffrey Ryan Willis</u>
CHRISTIAN E. DYSART                GEOFFREY RYAN WILLIS
N.C. State Bar No. 36734           N.C. State Bar No. 33004
christian@dysartwillis.com         ryan@dysartwillis.com
530 Hillsborough St., Suite 200    530 Hillsborough St., Suite 200
Raleigh, NC  27603                 Raleigh, NC 27603
Telephone: (919) 747-8380          Telephone: (919) 747-8380
Facsimile: (919) 882-1222          Facsimile: (919) 882-1222
*RETAINED ATTORNEY FOR*             *RETAINED ATTORNEY FOR*
*DEFENDANT*                         *DEFENDANT*

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing **DEFENDANT'S SENTENCING MEMORANDUM** was filed with the Clerk of Court for the District of Columbia using the CM/ECF system, which will send electronic notification of such filing to the following counsel of record:

>Anna Krasinski
>United States Attorney's Office
>53 Pleasant Street
>Suite 4th Floor
>Concord, New Hampshire  03301
>Phone:  (603) 225-1552
>Email:  anna.krasinski@usdoj.gov

This, 3rd day of November, 2023.

>DYSART WILLIS
>
>By:  /s/ Geoffrey Ryan Willis
>GEOFFREY RYAN WILLIS
>N.C. State Bar No. 33004
>Email: ryan@dysartwillis.com
>530 Hillsborough St., Suite 200
>Raleigh, NC  27603
>Telephone: (919) 747-8380
>Facsimile: (919) 882-1222
>*RETAINED ATTORNEY FOR DEFENDANT*